UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CARL D. RITTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18 CV 170 ACL |
| | ) | |
| DELTA SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Carl D. Ritter, Jr. filed this action against Defendants Delta R-V School District, Mellisa Heath, Ken Cook, David Coomer, Scott Bond, Matt Huffman, Alan Ikerman, Meredith Scherer, and Troy Smith ("Defendants"), alleging age discrimination in violation of the Missouri Human Rights Act ("MHRA"), § 213.010 RSMo and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; as well as a state common law tort claim for failure to train and supervise. The action was originally filed in the Circuit Court of Cape Girardeau County, Missouri, and was removed to this Court pursuant to 28 U.S.C. § 1441(c) on the basis of federal question jurisdiction.

Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice. (Doc. 7.) Also pending is Plaintiff's Motion to File First Amended Complaint. (Doc. 9.)

## **Background**[1]

Ritter was employed by Defendant Delta School District R-V ("District") as a junior high school science teacher, physical education teacher, and coach. The District is supervised by a

---

[1] The facts set out here are those alleged in the Complaint. The Court must assume these facts to be true for purposes of the instant Motion to Dismiss.

seven-member Board of Education ("Board"), with a superintendent and a high school principal. Defendant Mellisa Heath was Superintendent of the District at all relevant times. Defendants Ken Cook, Davis Coomer, Scott Bond, Matt Huffman, Alan Ikerman, Meredith Scherer, and Troy Smith were members of the Board.

In approximately April of 2017,[2] Heath informed a gathering of faculty, including Ritter, that all faculty contracts were being renewed for the upcoming year. Ritter relied upon this statement and did not apply for open positions at other local school districts.

Early in March 2017, Ritter applied for the position of Principal at Delta R-V Schools. He was ultimately not chosen for the position. Defendant Heath informed select staff that Ritter had not been selected for the position before Ritter was informed. On March 20, 2017, Ritter was instructed to meet with Defendant Heath at her office later that day. At that meeting, Ritter expressed disappointment that other staff were informed of the hiring decision of the Board before Ritter was informed of such.

On March 21, 2017, Ritter was asked to meet with Defendant Heath, and was subsequently placed on administrative leave and escorted off campus in the presence of faculty and students. On March 23, 2017, Ritter received a phone call from Defendant Heath, during which Heath informed Ritter that she would like to ask him some questions. Ritter agreed to answer Heath's questions in person and with a witness. Heath then told Ritter that he was refusing to cooperate and ended the phone call. On March 31, 2017, Ritter received a letter signed by the Board President stating that the Board had voted to reconsider its previous offer of employment to Ritter and would not be renewing his contract for the 2017-2018 school year.

Ritter timely filed a charge of age discrimination with the Equal Employment

---

[2] The Amended Complaint reflects the timing as being "in February or at least prior to March 2017." (Doc. 9-1 at 5.)

Opportunity Commission ("EEOC") on or about September 10, 2017. Ritter received a Notice of Right to Sue from the EEOC on February 22, 2018. (Doc. 1-1.)

In his Complaint, Ritter sets forth four counts. Counts I and II assert age discrimination claims in violation of the MHRA. Count III alleges a state law failure to instruct/train, supervise, control, and discipline claim. Count IV asserts a claim of age discrimination in violation of the ADEA.

On July 19, 2018, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Counts I and II should be dismissed because Ritter has failed to exhaust his administrative remedies under the MHRA. Defendants contend that Count III fails to state a claim because these state law claims are preempted by the MHRA. They further argue that the claims asserted in Count III are barred by the doctrine of sovereign immunity. Defendants argue that Count IV must be dismissed because, as a matter of law, individuals are not liable under the ADEA. They contend that Count IV also fails against the District because the Complaint fails to plead sufficient facts to state a plausible ADEA claim.

On July 27, 2018, Ritter filed a Motion to File First Amended Complaint. (Doc. 9.) He states that less than 21 days elapsed since both the removal of this action to Federal Court and the filing of Defendants' Motion to Dismiss. Ritter argues that he may therefore amend his Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Ritter argues in the alternative that leave should be granted under Rule 15(a)(2) as the Amended Complaint addresses the issues raised in the Motion to Dismiss. Defendants oppose Plaintiff's request to amend the Complaint on the basis that Ritter failed to file a response to the Motion to Dismiss within seven days as required by Local Rule 7-4.01(B). (Doc. 10.)

Ritter subsequently filed a Response in Opposition to Defendants' Motion to Dismiss

(Doc. 11-1), after being granted leave by the Court. Defendants have filed a Reply in support of their Motion. (Doc. 14.)

## Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Discussion

As an initial matter, the Court will grant Ritter's Motion to Amend Complaint under Rule 15(a)(1)(B), as less than 21 days elapsed since both the removal of this action to Federal Court

and the filing of Defendants' Motion to Dismiss. The Court will address Defendants' Motion to Dismiss in the interest of judicial economy, despite the fact that Defendants have not yet filed a responsive pleading to the Amended Complaint.

## I. MHRA Claims

Defendants argue that Counts I and II[3] should be dismissed because Ritter has failed to exhaust his administrative remedies under the MHRA. Defendants state that Ritter only filed a Charge of Discrimination with the EEOC, and did not file a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) or obtain a Notice of Right to Sue as required to bring a claim under the MHRA.

Ritter responds that he "attempted to file the complaint with the Missouri Human Rights Commission by filing through the EEOC. However, the EEOC erred in not cross fil[ing] with the Human Rights Commission as it was supposed to do." (Doc. 11-1 at 4.) Ritter states that, "[i]n essence the claim was filed and the Court should consider the Case under the Missouri Human Rights Act." *Id.* at 5.

In their Reply, Defendants state that the MCHR issued a "Notice of Termination of Proceedings" ("Notice") regarding Ritter's Charge of Discrimination on August 29, 2018, subsequent to the filing of the Motion to Dismiss. (Doc. 14-1.) The Notice states that the MCHR lacked jurisdiction because Ritter's complaint was not filed within 180 days of the alleged discrimination as required by the MHRA. *Id.* The MCHR administratively closed the case and terminated all MCHR proceedings related to Ritter's complaint. *Id.* Defendants argue that, because Ritter has not and will not receive a right-to-sue letter from the MCHR, he is barred

---

[3] In his original Complaint, Ritter asserts two separate but seemingly duplicative MHRA claims, identified as Counts I and II. The Amended Complaint consolidates the claims into one count— Count I.

from bringing any claims under the MHRA. Defendants contend that a right-to-sue letter from the EEOC does not give rise to a right to sue under the MHRA.

While not jurisdictional, a plaintiff must obtain a right-to-sue letter from the MCHR in order to bring an action under the MHRA. *Whitmore v. O'Connor Mgt., Inc.*, 156 F.3d 796, 800-01 (8th Cir. 1998); *Clayton v. Speed Emissions, Inc.*, No. 4:12-CV-565-CDP, 2012 WL 1253066, at *2 (E.D. Mo. Apr. 13, 2012). The failure to obtain a right-to-sue letter can be cured after litigation has begun, but the Court may dismiss an MHRA claim if the plaintiff fails to attempt to secure such a letter. *Clayton*, 2012 WL 1253066, at *2.

As noted by the Missouri Court of Appeals, "[a] right-to-sue letter from the EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first receive a right-to-sue letter from the MCHR. The Missouri Human Rights Act and Title VII are coextensive, but not identical, acts. These statutes create different causes of action." *Hammond v. Municipal Correction Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003) (citation omitted).

In this case, Ritter has not obtained a right-to-sue letter from the MCHR and it appears that he is unable to do so. Thus, the Court will dismiss Count I of the Amended Complaint.

**II.    State Claims**

In Count III of the original Complaint, Ritter asserts a claim titled "failure to instruct/train supervise, control and discipline directed against Defendant's [sic] District, Defendant Heath, and Board." (Doc. 1-1 at p. 8.) Defendants contend that this count fails to state a claim because it sets forth a common law claim that is preempted by the MHRA. They further argue that Ritter's claim is barred under Missouri's Sovereign Immunity Statute.

In his Amended Complaint, Ritter asserts two separate state law claims. Count II, titled "failure to instruct supervise, control and discipline directed against Defendants District, Heath

6

and Board," is the same claim as Count III of the original Complaint. In Count III of the Amended Complaint, Ritter asserts a new claim titled "assault against Defendant Heath." Because the Motion to Dismiss was filed prior to the filing of the Amended Complaint, the Motion does not address Count III.

In his Response to Defendants' Motion to Dismiss, Ritter first admits that the individual Board members and Heath may not be sued in their official capacities, "since the school is already being sued." (Doc. 11-1 at 4.) The Amended Complaint states that Ritter is suing the individual Board Defendants and Heath in their individual capacities only. (Doc. 9-1 at 2.) Defendants' Motion to Dismiss the individual defendants is, therefore, rendered moot by the filing of the Amended Complaint.

Ritter argues that his common law claim against the District is not barred by sovereign immunity because the District has liability insurance. The Amended Complaint alleges that the District "maintains liability insurance for all damaged herein alleged in all counts." (Doc. 9-1 at 2.) Defendants do not address the issue of liability insurance in their Reply.

Sovereign immunity is a common law rule precluding tort claims against state entities, such as a public school district, unless the entity has consented to be sued. Mo. Rev. Stat. § 537.600(1); *see also A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 633 (Mo. Ct. App. 2016). Sovereign immunity applies in tort actions "except to the extent waived, abrogated or modified by statutes." Mo. Rev. Stat. § 567.600(1). Section 537.610.1 provides that sovereign immunity can be waived by the purchase of insurance covering the claims at issue. *Id. See Hummel v. St. Charles City R–3 School Dist.,* 114 S.W.3d 282, 284 (Mo. App. E.D. 2003). In Missouri, sovereign immunity is not an affirmative defense, but is part of a plaintiff's prima facie case. *Townsend v. Eastern Chemical Waste Systems,* 234 S.W.3d 452, 470 (Mo. App. W.D. 2007).

"Whether sovereign immunity is waived in a particular case depends on whether the plaintiff's claim falls within the purposes covered by the defendant's policy." *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003) (citations omitted).

The District has not attached an insurance policy or other documentation that would allow the Court to evaluate whether Ritter's claims are covered by an insurance policy. The Court therefore finds Ritter's allegation that provisions of a liability insurance policy cover his tort claims sufficient to survive a motion to dismiss.

Defendants next argue that Ritter's common law claim asserted in Count II is preempted by the MHRA. Defendants rely upon *State ex rel. Church & Dwight Co., Inc. v. Collins*, in which the Missouri Supreme Court held that the MHRA superseded and displaced common law claims of negligence and wrongful discharge. 543 S.W.3d 22, 28 (Mo. 2018). Ritter responds that *Collins* is distinguishable, in that it only involved claims of negligence and wrongful discharge. Defendants do not provide any further argument regarding their preemption argument in their Reply.

In *Collins,* the Missouri Supreme Court held that the plaintiff's "claims of negligence and wrongful discharge are fully encompassed and comprehended by the MHRA." *Id.* The state court cited authority from this Court, finding that claims of wrongful discharge under the Missouri public policy exception were preempted by the MHRA. *See Noel v. AT & T Corp.*, 936 F. Supp.2d 1084, 1090 (E.D. Mo. 2013); *Thompson v. Greyhound Lines, Inc.*, No. 4:12-CV-2014 CAS, 2013 WL 2641306, at *4 (E.D. Mo. June 12, 2013).

Defendants have failed to cite any authority for their position that Ritter's failure to supervise claim is preempted by the MHRA. Construing Ritter's allegations in his favor as the Court must do, the undersigned finds that Ritter has stated a claim sufficient to survive

Defendants' Motion to Dismiss in Count II.

Accordingly, Defendants' Motion to Dismiss will be denied as to Count II.

### III. ADEA Claim

Defendants first argue that Ritter's ADEA claim set forth in Count IV must be dismissed because, as a matter of law, individuals are not liable under the ADEA. In his Response, Ritter concedes that the individual Defendants are not liable. (Doc. 11-1 at 1.) The Amended Complaint, however, alleges the ADEA claim against the District "and Superintendent Heath." (Doc. 9-1 at p. 15.)

Although the Eighth Circuit has yet to definitively state that individual liability cannot be imposed under the ADEA, its holdings in other cases "clearly indicate that such a holding will ultimately be made." *Stevenson v. Brod Dugan Paint and Wall Coverings*, 934 F. Supp. 1131, 1133 (E.D. Mo. 1996) ("although the Eighth Circuit has yet to definitely state that...individual liability cannot be imposed under...the ADEA, its holdings [in other cases] clearly indicate that such a holding will ultimately be made.") Thus, Count IV will be dismissed as to Defendant Heath.

Defendants next contend that Count IV fails against the District, because the Complaint fails to plead sufficient facts to state a plausible ADEA claim.

To establish a prima facie case of age discrimination under the ADEA, Ritter must show that (1) he was a member of the protected class of employees, at least 40 years old; (2) he was qualified to perform his job; and (3) he was replaced by a younger person. *Bearden v. International Paper Co.*, 529 F.3d. 828, 832 (8th Cir. 2008).

In the original Complaint, other than claiming he is 57 years old and was subject to discrimination "in whole or substantial part because of his age," Ritter did not plead any facts

9

indicating that the alleged discrimination against him was tied to his age. (Doc. 1-1 at p. 10). These facts absent more are not sufficient to support a claim of discrimination in violation of the ADEA.

In the Amended Complaint, however, Ritter alleges that he performed his duties as a teacher and coach to the legitimate expectations and satisfaction of his employer; was replaced in his teaching position "by someone approximately 25 years old," and the decision not to retain him was based upon his age. (Doc. 9-1 at p. 13.) He further alleges that his age was the contributing factor in the District's decision to not hire him for the position of principal, in that he was the most qualified for the job but someone approximately 35 years of age was selected. *Id.* at 14.

The Court finds that the Amended Complaint sets forth sufficient facts to state a claim for age discrimination in violation of the ADEA. Thus, Defendants' Motion to Dismiss Count IV will be denied as to Defendant Delta School District R-V.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendants Delta R-V School District, Mellisa Heath, Ken Cook, David Coomer, Scott Bond, Matt Huffman, Alan Ikerman, Meredith Scherer, and Troy Smith is **granted in part** and **denied in part** as follows:

The Motion is **granted** as to Count I of the Amended Complaint.

The Motion is **denied** as to Count II of the Amended Complaint.

The Motion is **denied** as to Count IV of the Amended Complaint.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of October, 2018.