UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CARL D. RITTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18 CV 170 ACL |
| | ) | |
| DELTA SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Carl D. Ritter, Jr. filed this action against Defendants Delta R-V School District, Mellisa Heath, Ken Cook, David Coomer, Scott Bond, Matt Huffman, Alan Ikerman, Meredith Scherer, and Troy Smith ("Defendants"), alleging age discrimination in violation of the Missouri Human Rights Act ("MHRA"), § 213.010 RSMo and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; as well as a state common law tort claim for failure to train and supervise. The action was originally filed in the Circuit Court of Cape Girardeau County, Missouri, and was removed to this Court pursuant to 28 U.S.C. § 1441(c) on the basis of federal question jurisdiction.

Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 7.)

## Background[1]

Ritter, who was 56 years of age at all relevant times, was employed by Defendant Delta School District R-V ("District") as a junior high school science teacher, physical education teacher, and coach. The District is supervised by a seven-member Board of Education

---

[1] The facts set out here are those alleged in the First Amended Complaint. The Court must assume these facts to be true for purposes of the instant Motion to Dismiss.

1

("Board"), with a superintendent and a high school principal. Defendant Mellisa Heath was Superintendent of the District at all relevant times. Defendants Ken Cook, Davis Coomer, Scott Bond, Matt Huffman, Alan Ikerman, Meredith Scherer, and Troy Smith were members of the Board.

In February "or at least prior to March 2017," Heath informed a gathering of faculty, including Ritter, that all faculty contracts were being renewed for the upcoming year. Ritter relied upon this statement and did not apply for open positions at other local school districts.

Early in March 2017, Ritter applied for the position of Principal at Delta R-V Schools. He was ultimately not chosen for the position. Defendant Heath informed select staff that Ritter had not been selected for the position before Ritter was informed. On March 20, 2017, Ritter was instructed to meet with Defendant Heath at her office later that day. At that meeting, Ritter expressed disappointment that staff was informed of the hiring decision of the Board before Ritter was informed of such.

On March 21, 2017, Ritter was asked to meet with Defendant Heath, and was subsequently placed on administrative leave and escorted off campus in the presence of faculty and students. On March 23, 2017, Ritter received a phone call from Defendant Heath, during which Heath informed Ritter that she would like to ask him some questions. Ritter agreed to answer Heath's questions in person and with a witness. Heath then told Ritter that he was refusing to cooperate and ended the phone call. On March 31, 2017, Ritter received a letter signed by the Board President stating that the Board had voted to reconsider its previous offer of employment to Ritter and would not be renewing his contract for the 2017-2018 school year.

Ritter timely filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 10, 2017. Ritter received a Notice

of Right to Sue from the EEOC on February 22, 2018.  (Doc. 1-1.)

Defendants removed this action on July 13, 2018.  (Doc. 1.)  Defendants filed a Motion to Dismiss the Complaint, which the Court granted in part on October 26, 2018.[2]  (Doc. 15.)  Specifically, the Court dismissed Count I, Ritter's age discrimination claim under the MHRA, because Ritter failed to exhaust his administrative remedies as to this claim.

In his First Amended Complaint ("Complaint"), Ritter sets forth four counts.  Count I asserts a claim of age discrimination in violation of the MHRA, and has already been dismissed by the Court.  Count II alleges failure to instruct, supervise, control, and discipline against Defendants the District, Heath, and the Board.  In Count III, Ritter alleges an assault claim against Defendant Heath.  Finally, Count IV asserts a claim of age discrimination in violation of the ADEA.

Defendants now move to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that it is preempted and superseded by the MHRA.

Ritter has filed a Response, in which he states that he stands by the argument made in response to Defendants' initial Motion to Dismiss.  (Doc. 20.)

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint.  To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to

---

[2]The Court also granted Ritter's Motion to Amend Complaint, which was filed in response to Defendants' Motion to Dismiss.

raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Discussion

Defendants contend that Count II, titled "Failure to Instruct, Supervise, Control, and Discipline Directed against Defendants District, Heath, and Board," fails to state a claim because it sets forth a common law claim that is preempted by the MHRA.

Count II provides in relevant part as follows:

46. That these defendants owed a duty to Mr. Ritter to properly supervise other employees of the District to protect him from unreasonable risk of illegal discrimination.

47. That these defendants breached their duty to Mr. Ritter and instead acted to protect the defendant district and Heath when they discriminated against Mr. Ritter going so far as to dismiss Mr. Ritter from his position.

48. That the Defendants failed to use reasonable care in their supervision and control of the Defendant's Delta School District and Heath, and they therefore breached the duty they owed Mr. Ritter. In particular they failed to instruct the Superintendent not to unlawfully remove the Plaintiff from the premises and place him on administrative leave.

(Doc. 16 at p. 11.)

Defendants raised the same argument in their initial Motion to Dismiss. In that Motion, Defendants relied upon *State ex rel. Church & Dwight Co., Inc. v. Collins*, in which the Missouri Supreme Court held that the MHRA superseded and displaced common law claims of negligence and wrongful discharge. 543 S.W.3d 22, 28 (Mo. 2018). Ritter responded that *Collins* is distinguishable, in that it only involved claims of negligence and wrongful discharge. Defendants filed a Reply, but did not further address their preemption argument.

In the October 26, 2018 Memorandum and Order, the undersigned noted that Defendants provided no additional authority or argument in support of their preemption claim. Construing Ritter's allegations in his favor, the Court found that Ritter had stated a claim sufficient to survive Defendants' Motion to Dismiss. Defendants now argue that, contrary to Ritter's assertion, the *Collins* case is not distinguishable from the instant case.

In *Collins,* the Missouri Supreme Court held that the plaintiff's "claims of negligence and wrongful discharge are fully encompassed and comprehended by the MHRA." *Id.* The state court cited authority from this Court finding that claims of wrongful discharge under the Missouri public policy exception were preempted by the MHRA. *See Noel v. AT & T Corp.*, 936 F. Supp.2d 1084, 1090 (E.D. Mo. 2013); *Thompson v. Greyhound Lines, Inc.*, No. 4:12-CV-2014 CAS, 2013 WL 2641306, at *4 (E.D. Mo. June 12, 2013). The *Collins* court concluded that the MHRA superseded and displaced the plaintiff's common law claims and the circuit court abused its discretion by allowing her to amend her petition to include such claims. 543 S.W.3d at 28.

Defendants state that both the *Collins* case and the instant case involve claims for failure to train and supervise. In support of this contention, Defendants have attached the state court petition in *Collins* as an exhibit. (Doc. 19-1.) In the count titled "Negligence," the petition

5

alleges that the defendants "have a duty to supervise their agents and employees arising from their master and servant relationship," have a duty "to supervise and prevent their agents, employees and third-parties of which they knew or should have known from discriminating and retaliating against employees in violation of law," "should have known that their employees were discriminating against employees, retaliating against employees for reporting sex-based harassment and failing to hire those employees," "negligently failed to train, supervise and prevent their agents and employees in a manner reasonable employers would under the circumstances," and "negligently retained their supervisory and other employees, despite actual and/or constructive knowledge that they were discriminating and retaliating against employees and failing to hire those employees because of their exercise of their rights under Missouri's anti-discrimination laws." *Id.* at 6-7.

Upon the Court's review of the petition in *Collins* that was previously unavailable, the Court agrees with Defendants that *Collins* is not distinguishable from the instant case. Both cases involve claims for failure to train, supervise, and prevent employees from acting in a discriminatory manner. Pursuant to *Collins*, Ritter's common law failure to supervise claim asserted in Count II of the First Amended Petition is preempted by the MHRA. Thus, Defendants' Motion to Dismiss Count II will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count II (Doc. 18) is **granted**.

／s／ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2019.